IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-132-BO

| | |
|---|---|
| LEVON CHERRY, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,[1] | ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 17, 19]. A hearing was held on these matters before the undersigned on September 16, 2021, at Edenton, North Carolina. For the reasons discussed below, the plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. In 2014, plaintiff protectively filed a Title II application alleging a disability onset date of December 15, 2012. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.

Plaintiff then sought review of the Commissioner's decision in this Court. This Court remanded the matter to the Commissioner in June 2019 due to the failure to provide adequate

---

[1] Kijakazi has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

reasons for discounting plaintiff's disability rating by the Department of Veterans Affairs. The matter proceeded to hearing before a different ALJ in February 2020. Plaintiff's alleged onset date was amended to May 22, 2014. The ALJ issued an unfavorable ruling, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff again sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step

2

five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff has not engaged in substantial gainful activity during the relevant period at step one, the ALJ found at step two that plaintiff had severe impairments – posttraumatic stress disorder (PTSD); adjustment disorder, and unspecified depressive disorder – that did not meet or medically equal the severity of one of the listed impairments. The ALJ found that plaintiff could perform the full range of exertional work at all exertional levels with the following nonexertional limitations: understand, remember, and carry out simple instructions; sustain concentration, attention, and pace sufficient to carry out those simple instructions over the course of an eight-hour workday at two-hour intervals; limited to low-stress jobs, meaning only

3

occasional changes in the work setting; and occasional interaction with co-workers and the general public. The ALJ found that plaintiff could perform his past relevant work as a flatbed truck driver, and went on to find, in the alternative, that other jobs existed in significant numbers in the national economy which plaintiff could perform. Accordingly, the ALJ found plaintiff not to be disabled as of the date of her decision.

Plaintiff argues that the ALJ again violated the rule announced in *Bird v. Commissioner of Social Security*, 699 F.3d 337, 343 (4th Cir. 2012) by failing to give the determination of the Department of Veterans Affairs (VA) substantial weight, or provide "persuasive, specific, valid, reasons for [failing to] do[] so that are supported by the record" as required in this circuit by *Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018) (citation omitted). The Court agrees.

In 2015, the VA determined that plaintiff had a 50% disability rating for depressive disorder. In 2017, the VA raised plaintiff's rating for depressive disorder to 70% and determined he was individually unemployable as of April 1, 2015. Tr. 15. The VA determined that plaintiff had, among other things, both occupational and social impairment, impaired judgment, chronic sleep impairment, impairment of short-and-long term memory, fewer-than weekly panic attacks, and difficulty in establishing and maintaining effective work and social relationships. *Id.*

The ALJ in this case acknowledged plaintiff's 70% VA disability rating based on his depression. She further cited the Fourth Circuit's *Bird* decision but decided to give the VA's decision "little weight . . . because it is not phrased in a function-by-function assessment and is inconsistent with the claimant's largely benign mental status examination findings in the record as well as the admitted improvement in symptoms with treatment." Tr. 777.

4

That the VA does not apply a function-by-function assessment like the Social Security Administration is not a persuasive reason for discounting the VA's decision as it applies in every case. *Woods*, 888 F.3d at 693. The ALJ's citation to largely benign mental status examinations and admitted improvement in symptoms with treatment is both cursory and fails to account for substantial contrary evidence in the record. For example, while plaintiff indicated he experienced some improvement with medication, he continued to experience nightmares, irritability, flashbacks, and difficulty concentrating. Tr. 638; 794-97. In January 2017, plaintiff reported an increase in symptoms due to a triggering event, including nightmares and extreme irritability while in a public setting. Tr. 1154. In 2019, plaintiff reported that he felt he could cope with his symptoms but continued to have nightmares two to three nights per week and stated that he was taking each day at a time. Tr. 1021. In sum, the ALJ has failed to provide specific evidence which would support her decision to afford the VA rating little weight. The ALJ's decision is not supported by substantial evidence.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

This matter has been remanded once before for the ALJ to properly apply *Bird*, and, as application of the correct legal standard in this case results in a finding of disability, a second

5

remand for the same reason would only further delay receipt of benefits. *See Richardson v. Colvin*, No. 8:12-CV-03507-JDA, 2014 WL 793069, at *20 (D.S.C. Feb. 25, 2014). Affording the VA's decision appropriate weight demonstrates that plaintiff would be unable to perform work on a regular and continuing basis, as the VA's determination that plaintiff is unable to establish and maintain effective relationships would severely erode plaintiff's occupational base. *See* SSR 85-15.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ failed to apply the correct legal standard and the decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion [DE 19] is DENIED. The decision of the Commissioner is REVERSED and the matter is remanded for an award of benefits.

SO ORDERED, this __18__ day of October, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 4:20-cv-00132-BO   Document 24   Filed 10/18/21   Page 6 of 6